IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Respondent, | No. CR S-04-0250 FCD EFB P |
| vs. | |
| KERRY DEAN DARLING, | |
| Movant. | FINDINGS & RECOMMENDATIONS |

Movant is a federal prisoner seeking post-conviction relief. *See* 28 U.S.C. § 2255. On August 4, 2006, movant filed motions for appointment of counsel and to stay these proceedings and hold them in abeyance pending resolution of his direct appeal. Respondent has no opposition to the motions. Hearing on the motions was held on September 13, 2006, and the court now issues the following findings and recommendations as to the motion for stay. In a separately filed order the motion for appointment of counsel has been granted. Although the undersigned recommends that this section 2255 proceeding be dismissed without prejudice pending resolution of the direct appeal, the Office of the Federal Defender has been appointed as counsel of record for purposes of the instant motion.

On November 23, 2005, movant was convicted of possession of methamphetamine with intent to distribute and of manufacture of methamphetamine. On December 1, 2005, the Clerk of

1

the Court processed movant's notice of appeal pursuant to Rule 4(b)(2) of the Federal Rules of Appellate Procedure and the appeal remains pending in the Ninth Circuit. On February 15, 2006, movant filed a motion to vacate the sentence. *See* 28 U.S.C. § 2255. On April 21, 2006, a different magistrate judge found movant may be entitled to relief and directed service of the motion on the United States Attorney or his authorized representative.

Here, although the movant requests that the section 2255 motion be held in abeyance pending the resolution of his direct appeal, the undersigned recommends dismissal of the section 2255 proceedings without prejudice to refiling after all appeals are resolved. A district court has jurisdiction to entertain a section 2255 motion while the direct appeal is pending, but ordinarily it should not. *See United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997) (district court's delay in resolving a § 2255 motion does not make the remedy inadequate); *United States v. Taylor*, 648 F.2d 565, 572 (9th Cir. 1981). Rather, the district court should dismiss the § 2255 motion without prejudice. *United States. v. Deeb*, 944 F.2d 545, 548 (9th Cir. 1991). Absent compelling contravening circumstances, this court must dismiss the section 2255 without prejudice.

Movant asserts that since 28 U.S.C. § 2255 imposes a one-year limitation period on filing motions to vacate and restricts the filing of second or successive motions, this court should follow the Tenth Circuit's suggestion in *United States v. Prows*, 448 F.3d 1223, 1229 (10th Cir. 2006), and hold this matter in abeyance until the direct appeal is resolved. Movant also argues judicial economy as a reason for utilizing a stay-abeyance procedure.

The Tenth Circuit in *Prows* held that a district court can entertain a § 2255 motion while the direct appeal is pending "in extraordinary circumstances given the potential for conflict with the direct appeal." *Prows*, 448 F.3d at 1228. The district court in *Prows* stayed execution of a 41-month sentence and released movant to probation. *Id*. at 1225. The government, not the defendant, appealed the district court's sentencing decisions, filing the appeal after the defendant filed his § 2255 motion. *Id.,* at 1225, 1228. Prow's § 2255 motion raised a claim of ineffective

assistance of counsel. The government's appeal did not. Accordingly, the only avenue for him to present the claim was through collateral relief. Those extraordinary circumstances are not present here. In this matter it was the defendant (i.e., movant), and not the government, who appealed. His appeal remains pending before the Ninth Circuit. Whatever issues he ultimately raises in that appeal, upon resolution of all appeals from his conviction the movant will have post conviction remedies available under § 2255 and there will no longer be the risk of two courts having before them the same issues at the same time.

A dismissal without prejudice removes from the court's docket a temporarily inactive case but does not impede movant's future recourse to § 2255 remedies. If the Ninth Circuit affirms the conviction the remedies available under § 2255 will be available. The limitation period within which a § 2255 petition must be filed has not yet commenced. *See Clay v. United States*, 537 U.S. 522, 525 (2003) (for purposes of § 2255 a federal criminal conviction is final when time expires for filing a petition for certiorari in the United States Supreme Court contesting appellate court's affirmation of the conviction); *see* 28 U.S.C. § 2255 (movant must file within one year of the date the conviction becomes final). Thus, there is no need for use of the stay-abeyance procedure employed for § 2254 motions raising certain unexhausted claims. Furthermore, this court's recommendation does not adjudicate the merits. *See Sanders v. United States*, 373 U.S. 1, 16 (1963) ("adjudication on the merits" occurs when factual issues are decided on the ground that the files and records conclusively resolve the issues or when an evidentiary hearing is held). Movant has not demonstrated there is any danger that a later motion either would be time-barred or would be subject to dismissal as a second or successive motion. In short, while the allegations of the petition are serious, nothing about this case justifies departing from Ninth Circuit precedent that the § 2255 proceeding must be dismissed without prejudice while the direct appeal is still pending. *Pirro*, 104 F.3d at 299; *Deeb*, 944 F.2d 545, 548.

////

For these reasons, it is hereby RECOMMENDED that movant's August 4, 2006, motion to stay this action and hold it in abeyance pending resolution of the direct appeal be denied and that the § 2255 proceeding be dismissed without prejudice to refiling once all appeals are finally resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 19, 2006.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

\darl0250.f&r m to stay