UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>      v.<br><br>KERRY DEAN DARLING,<br><br>           Defendant. | No.  2:04-cr-00250-GEB-EFB-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE** |

On November 13, 2014, Defendant Kerry Dean Darling filed, in pro per, a motion under 18 U.S.C. § 3582(c)(2) "to reduce [his] sentence based on the new amendment to 2D1.1 of the sentencing guidelines." (Def.'s Mot., ECF No. 173.) Defendant argues Amendment 782 to the Sentencing Guidelines[1] and his favorable post-sentencing conduct justify a reduction of his sentence.

The government rejoins that "[D]efendant does not qualify for a sentence reduction[,]" since Defendant was sentenced as a career offender under U.S.S.G. § 4B1.1, not § 2D1.1. (Gov't Opp'n 3:2-21, ECF No. 177.) The government argues:

---

[1] "Amendment 782, which revised the Drug Quantity Table in U.S.S.G. § 2D1.1 and reduced by two levels the [base] offense level applicable to many drug offenses, became effective on November 1, 2014. Moreover, the Sentencing Commission voted to make Amendment 782 retroactively applicable to previously-sentenced defendants." United States v. Viengkham, No. 1:11-cr-00052-MCE-4, 2015 WL 273314, at *1 (E.D. Cal. Jan. 21, 2015).

1

>  To be eligible for a sentence reduction under 18 U.S.C. § 3582(c)(2), defendant must show that his sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." United States v. Wesson, 583 F.3d 728, 730 (9th Cir. 2009) (quoting 18 U.S.C. § 3582(c)(2)). Amendment 782, however, did not lower the sentencing range for career offenders because career offenders are sentenced pursuant to U.S.S.G. § 4B1.1, not § 2D1.1. United States v. Charles, 749 F.3d 767, 770 (9th Cir. 2014) ("[R]etroactive amendments regarding sentences under the drug guidelines do not affect individuals who were sentenced as career offenders.") (internal citations and quotation marks omitted); Zeich v. United States, 2014 WL 6774878, at *2 (E.D. Cal. Nov. 10, 2014) (holding that career offender sentenced pursuant to § 4B1.1 is ineligible for sentence reduction based on Amendment 782).
>
>  In this case, defendant's sentencing range has not changed because it did not rest on the provision in § 2D1.1 which has been amended. The defendant was a career offender based on his prior convictions for other drug trafficking offenses. PSR ¶ 24. His base offense level therefore was 37 pursuant to § 4B1.1. The career offender guideline of § 4B1.1 is unaffected by the recent guideline amendment. The defendant's offense level remains the same as at the time of sentencing. The Ninth Circuit address addressed the career offender guideline in connection with application of the retroactive amendment to the drug guideline and held that relief is unavailable. Accordingly, the defendant's motion for a sentence reduction should be denied.

(Id. at 3:3-21.)

"As a general matter, courts may not alter a term of imprisonment once it has been imposed." United States v. Leniear, 574 F.3d 668, 673 (9th Cir. 2009) (internal quotation marks omitted) (quoting United States v. Hicks, 472 F.3d 1167, 1169 (9th Cir. 2007)).

>However, 18 U.S.C. § 3582(c)(2) creates an exception to this rule by allowing modification of a term of imprisonment if: (1) the sentence is "based on a sentencing range that has subsequently been lowered by the Sentencing Commission"; and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

Id. (quoting 18 U.S.C. § 3582(c)(2)).

The Sentencing Commission policy statement relevant to this case prescribes: "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if . . . [the relevant] amendment . . . does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2).

Here, the Court adopted Probation's recommendation that Defendant qualified as a career offender under U.S.S.G. § 4B1.1(b)(A), (PSR ¶ 24), and sentenced Defendant to 360 months in prison on each count of the Indictment, to be served concurrently.[2] (Minutes, ECF No. 64; J., ECF No. 65.) "[D]efendant's classification as a career offender caused his sentence to be based on § 4B1.1, not § 2D1.1." United States v. Rivera, No. 2:97-cr-40 WBS, 2015 WL 4426130, at *1 (E.D. Cal. July 17, 2015). "Accordingly, because [D]efendant's sentence was not based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the court does not have the authority to reduce his sentence." Id. (citing United States v.

---

[2] On April 8, 2013, the Court amended Defendant's judgment and reduced his sentence to 331 months under 28 U.S.C. § 2255 based upon the stipulated "prejudicial ineffective assistance from [Defendant's] trial-level defense attorney." (See Stip. & Order, ECF No. 171.)

3

Charles, 749 F.3d 767, 770 (9th Cir. 2014) ("[R]etroactive amendments regarding sentences under the drug guidelines do not affect individuals who were sentenced as career offenders.")). Therefore, Defendant's motion for reduction of sentence is DENIED.

Dated: September 15, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge