UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

KERRY DEAN DARLING,

Defendant.

No. 2:04-cr-00250-JAM-1

**ORDER GRANTING DEFENDANT'S MOTIONS TO REDUCE SENTENCE**

Kerry Dean Darling, a prisoner serving his sentence at Federal Correctional Institution, Lompoc (FCI Lompoc), has now filed three separate motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A). See Mot. to Reduce Sent. I ("Mot. I"), ECF No. 201; Mot. to Reduce Sent. II ('Mot. II"), ECF No. 204; Mot. to Reduce Sent. III ("Mot. III"), ECF No. 205. Darling argues his status as an elder offender, his exemplary behavior while incarcerated, the substantial length of his sentence served, and the risks posed by being incarcerated at FCI Lompoc while having tested positive for the Coronavirus Disease (COVID-19) warrant a reduction in his sentence to time served. Mot. III at 6-13. Alternatively, Darling requests the Court allow him to serve the remainder of the custodial portion of his sentence in

home confinement. Mot. at 14. The Government opposes Darling's request, ECF No. 210; Darling filed a reply, ECF No. 211. Having carefully considered the parties' arguments, the Court grants Darling's motion.

## I.  BACKGROUND

On August 1, 2005, a jury found Darling guilty of one count of possession of methamphetamine with intent to distribute and one count of manufacturing methamphetamine, in violation of 18 U.S.C. 841(a)(1). See Verdict Form, ECF No. 61. Darling was initially sentenced to 360 months imprisonment followed by 120 months of supervised release. See November 14, 2005 Mins., ECF No. 64. However, on April 4, 2013, Darling's original sentence was deemed excessive due to ineffective assistance of trial counsel and his positive post-sentencing conduct. See Order to Amend Judgment and Sentence, ECF No. 171. It was reduced by 29 months to 331 months imprisonment. Id. The term of supervised release was left untouched. Id. Darling's expected release date is September 22, 2027. See Sentence Monitoring Data, Ex. 1 to Mot. III at 8, ECF No. 205-1.

Darling has filed two pro se motions to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The first was filed June 14, 2019. See Mot. I, ECF No. 201. In it, Darling effectively requests his sentence be amended to time served and, as a condition of supervised release, he would remain on home confinement for what would have been the remainder of his custodial sentence. Id. at 1. Darling cited to the Elderly Offender provisions of the First Step Act. See 34 U.S.C.

§ 60541(g). The second was filed March 16, 2020. See Mot. II. ECF No. 204. Darling asks the Court to use nonmedical grounds for reducing his sentence, relying on U.S.S.G. § 1B1.13, application note 1(D)'s catchall provision. Id. Darling cites to his rehabilitative successes while incarcerated and the fact that, had he been sentenced today, he likely would not have faced the mandatory minimum sentence he originally received. Id.

On May 24, 2020, Darling filed a request that he be recommended for immediate release with the warden at FCI Lompoc. Mot. III at 5. That request was made pursuant to U.S.C. § 3582(c)(1)(A). Darling cited the COVID-19 outbreak, his current condition, and the inadequate treatment he has received while at FCI Lompoc as reasons for release. Mot. III at 5. The warden has not responded to this request. Id. On July 6, 2020, the Office of the Federal Public Defender filed a supplemental emergency motion for compassionate release on Darling's behalf. See Mot. III, ECF No. 205. The Court consolidates and considers all three of the outstanding motions with this order.

## II. OPINION

### A. Legal Standard

Generally, a court may "not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); Dillon v. United States, 560 U.S. 817, 824-25 (2010). However, the First Step Act (FSA) amended 18 U.S.C. § 3582 to grant federal courts sentence-modification authority in specific circumstances. 18 U.S.C. § 3582(c)(1)(A). A district court may modify the term of imprisonment if (1) the modification would not undermine the

sentencing factors set forth in Section 3553(a), and (2) "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The Sentencing Commission defines "extraordinary and compelling reasons" to include reasons related to (a) the medical condition of the defendant, (b) the age of the defendant, (c) certain family circumstances, and (d) other specific reasons. See U.S.S.G. § 1B1.13, Application Note 1. The defendant bears the initial burden of putting forth evidence that establishes an entitlement to a sentence reduction. United States v. Sprague, 135 F.3d 1301, 1306-07 (9th Cir. 1998).

B. Analysis

1. Exhaustion Requirement

On May 24, 2020, Darling submitted a request for compassionate release to the FCI Lompoc warden. Mot. III at 5. More than thirty days have elapsed since then. Darling has exhausted his administrative remedies. The Government does not contest this. Opp'n at 1-2. Thus, the Court has jurisdiction to review Darling's motions on the merits.

2. Extraordinary and Compelling Circumstance

After a defendant has met the threshold exhaustion requirement, he must demonstrate that "extraordinary and compelling reasons warrant" a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. Congress has not defined what is "extraordinary and compelling" other than that "[r]ehabilitation of the defendant alone" is insufficient. 28 U.S.C. § 994(t).

Instead, it has delegated that responsibility to the Sentencing Commission. Id. Before Congress passed the FSA, the Commission concluded "extraordinary and compelling reasons" were limited to four scenarios. U.S.S.G. § 1B1.13. These scenarios include: (A) the medical condition of the defendant, (B) the age of the defendant, (C) family circumstances, and (D) a catchall provision for other reasons. Id.

Darling's arguments focus on: (1) his age; (2) his medical conditions, including his ongoing COVID-19 infection; (3) his demonstrated rehabilitation; and (4) changes in the sentencing laws. See Mot. I, Mot. II, Mot. III. Darling relies on the catchall provision to make these arguments. Mot. II at 1. The catchall provision allows the Director of the BOP to determine that "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with the reasons described in subdivision (A) through (C)." U.S.S.G. § 1B1.13(D). In other words, U.S.S.G. § 1B1.13(D) still assumes compassionate release may only be granted "upon motion by the Director of the [BOP]." U.S. v. Rodriguez, 424 F. Supp. 3d 674, -- (N.D. Cal. Nov. 25, 2019) (citation omitted). This Court has joined a growing list of district courts within this circuit and others, that have concluded they also have discretion under Subdivision (D). See, e.g., U.S. v. Cantu, No. 1:05-CR-458-1, 2019 WL 2498923, at *5 (S.D. Tex. June 17,2019); Rodriguez, 424 F.Supp. 3d 674; U.S. v. Chan, 96-cr-00094, 2020 WL 12527895 (N.D. Cal. March 31, 2020); U.S. v. Almontes, No. 3:05-cr-58, 2020 WL 1812713 (D. Conn. April 9, 2020); U.S. v. Kesoyan, No. 2:15-CR-00236, 2020 WL 2039028 (E.D. Cal. April 28, 2020).

Darling will be sixty-one (61) years old in November. Mot. III at 7. He suffers from hypertension and has a history of heart disease. See Darling Medical Records at 1–2, Ex. 3 to Mot. III, ECF No. 209; Mot. III at 7; Reply at 4. While in custody, Darling underwent surgery for vascular stents to improve his heart's ability to function. Mot. III at 7. CDC research reveals that individuals with serious heart conditions are at a high risk for contracting COVID-19 and suffering complications. See Coronavirus Disease 2019 (COVID-19), CENTER FOR DISEASE CONTROL, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html (last accessed July 24, 2020). Darling contracted COVID-19 and continues to suffer complications as a result of his infection. See Darling Medical Records at 5–6; Reply at 4.

FCI Lompoc, and its nearby partner facility, United States Penitentiary, Lompoc ("USP Lompoc"), are in the throes of a COVID-19 outbreak. As of July 24, 2020, 843 inmates and staff have been infected with COVID-19 at FCI Lompoc, as have 197 at USP Lompoc. See https://www.bop.gov/coronavirus/ (last accessed July 24, 2020). Between the two facilities, four (4) inmates have died. Id. Given Darling's age and health conditions, he remains at increased risk of experiencing serious complications.

In addition, Darling likely would not have received such a significant term of imprisonment today. When Darling was originally sentenced, the Government filed an information under 21 U.S.C. § 851 alleging that one of Darling's prior state convictions qualified as a prior drug felony for § 851 purposes. See Information Charging Prior Conviction, ECF No. 10. This

statutory enhancement increased the statutory minimum from ten (10) to twenty (20) years.  Clemency Project 2014 Screening Committee Report ("Clemency Project") at 2, ECF 204.  Darling's state convictions also formed the basis for classifying Darling as a career offender.  See Presentence Investigation Report ("PSR") ¶¶ 24, 34, 36; see also U.S.S.G. § 4B1.1.  This meant that Darling's base offense level was set at 37.  Id. ¶ 24.

Today, it is unlikely the Government would have filed an information under § 851.  See U.S.S.C. Application and Impact of 21 U.S.C. § 851, Key Findings, available at https://www.ussc.gov/research/research-reports/application-and-impact-section-851-enhancements (Published July 2018) ("Cases in which a 851 enhancement applied are rare."); see also Clemency Project at 2-3.  Absent this statutory enhancement, Darling would likely face a twenty (20) year statutory maximum.  This means that, even as a career offender, his base offense level would be 34 and his criminal history category would be VI.  See U.S.S.G. § 4B1.1, U.S.S.G. § 2D1.1(c)(3).  The guideline range would be 262 to 327 months.  But, because the maximum statutory sentence is lower than the guideline range, Darling's statutorily authorized maximum sentence of 240 months would be his guideline sentence.  See U.S.S.G. § 5G1.1.  With 225 months under his belt, Darling is approaching this more reasonable maximum sentence.

Moreover, during the past 225 months, Darling has gone to great lengths to rehabilitate himself.  He completed the educational component of the Residential Drug Abuse Program, earned his GED, and spent the last fifteen (15) years working in

the UNICOR vehicle modification shop. See Ex. 1 to Mot. III at 1-4. Darling received glowing reviews from his shop supervisors. See Mot. II at 3-5. These efforts are commendable and give the Court reason to believe Darling will continue down this positive path. Taken together, the Court finds that Darling's health conditions, the significant length of time he has spent incarcerated, and his degree of rehabilitation serve as a compelling reason to reduce his sentence.

3. Sentencing Factors

In deciding a motion for compassionate release, a court can neither disregard nor undermine the relevant factors set forth in 18 U.S.C. Section 3553. 18 U.S.C. § 3582(c)(1)(A)(i); see Dillon, 560 U.S. at 822. The Court does not find that early termination of Darling's term of incarceration would disregard or undermine the § 3553 sentencing factors. Darling has served a significant portion of a lengthy period of incarceration and has done so quite productively. A reduction in his sentence at this stage would not undermine the deterrent effect of his period of incarceration. And given Darling's exemplary record while incarcerated, the Court does not believe he would pose a danger to the community upon release.

## III. ORDER

For the reasons set forth above, the Court GRANTS Defendant's Motion to Reduce Sentence. As an additional condition of supervised release, Defendant is ordered to spend two years on home confinement. Upon release from FCI Lompoc, Defendant is also to spend fourteen (14) days in quarantine, as set forth in

his motion. See Mot. III at 6.

IT IS SO ORDERED.

Dated: July 27, 2020

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE