HEATHER E. WILLIAMS, #122664
Federal Defender
ANN C. McCLINTOCK, Bar #141313
Assistant Federal Defender
801 I Street, 3rd. Floor
Sacramento, California 95814
Telephone: (916) 498-5700

Attorney for Defendant
KERRY DEAN DARLING

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff-Respondent,<br>v.<br>KERRY DEAN DARLING,<br>Defendant. | Case No. 2:04-cr-00250-JAM-EFB<br>**STIPULATION AND ORDER TO TERMINATE SUPERVISED RELEASE**<br>Judge: Hon. John A. Mendez |

**STIPULATION TO TERMINATE SUPERVISED RELEASE EARLY**

It is hereby stipulated and agreed between defendant, KERRY DEAN DARLING, and plaintiff, United States of America, that the Court should enter an order terminating supervised release pursuant to 18 U.S.C. § 3583(e)(1). The 120-month term of supervised release began on July 28, 2020. Mr. Darling has completed six years of his supervisory term. The Probation Office and its officer Kevin Gommeringer, confirm that Mr. Darling is in full compliance in all areas of supervision and supports the early termination of supervision. Assistant United States Attorney Jason Hitt also reviewed this request and

has no opposition to the termination of supervision. A proposed order is attached for the Court's convenience.

The parties agree as follows:

1. Title 18, section 3583(e)(1) of the United States Code authorizes the Court to terminate a defendant's term of supervised release at any time after the expiration of one year of supervision if the Court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."

2. Section 3583(e) directs the Court to consider the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6) and (a)(7) in deciding whether to terminate a term of supervised release. The Judicial Conference has identified the following criteria to assess eligibility for early termination. Officers should consider the suitability of early termination for offenders as soon as they are statutorily eligible. The general criteria for assessing whether a statutorily eligible offender should be recommended to the court as an appropriate candidate for early termination are as follows:

> (d) After 18 months, higher risk persons under supervision who have demonstrated a reduction in risk (as demonstrated by a reduction in PCRA level/category) and who are in substantial compliance with the factors provided above must be considered for early termination.

Guide to Judiciary Policy, Vol. 8E, Ch. 3 § 360.20(d), "Early Termination" (rev'd July 2, 2018). Mr. Darling was rated a Low Moderate/2 during his time on supervision.

"[T]he plain language of the statute [§ 3584(e)] indicates that the district courts have broad discretion to alter the conditions of a defendant's supervised release." *United States v. Miller*, 205 F.3d 1098, 1100 (9th Cir. 2000); Fed. R. Crim. P. 32.1(b), Advisory

Committee Note 1979 ("Probation conditions should be subject to modification, for the sentencing court must be able to respond to changes in the probationer's circumstances as well as new ideas and methods of rehabilitation."). That a defendant simply no longer needs supervision is sufficient reason to grant an early termination motion. *United States v. Garcia-Rivas*, 711 F.Supp.3d 1246, 1249 (D. OR 2024) (defendant's successful reintegrated into the community, there being no need for supervision to deter or protect the public from further crimes, continued supervision "is not a good use of taxpayers' resources" and granting early termination is "warranted by the [defendant's] conduct . . . , consideration of the 3353(a) factors, and in the interest of justice.")

3. Mr. Darling satisfies all factors set forth in the statute for early termination. He has completed all his terms of supervision and has no need for further programming. He presents no identified risk of harm to the public or victims; he is free from any court-reported violations; he has demonstrated the ability to lawfully self-manage beyond the period of supervision; he is in substantial compliance with all conditions of supervision; and he has engaged in appropriate pro social activities and receives sufficient pro social support to remain lawful well beyond the period of supervision. *See* § 360.20(d) (referring to subsection (c) factors), § 360.20(c) (listing factors to be considered at 18-month mark).

4. An early termination of supervised release is in the interests of justice. It recognizes Mr. Darling's exemplary compliance with the conditions of supervision over an extended period of time. Early termination frees his supervising probation officer to be more available to those supervisees who are in greater need of his attention and support.

5. Mr. Darling was convicted of possession of methamphetamine with intent to distribute and manufacturing methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) in 2005 after a jury trial. This Court ultimately imposed a prison term of 331 months. Docket entry no. 172 (amended judgment). This Court later granted Mr. Darling a reduction in sentence to time served on July 28, 2020, which resulted in his release from prison. Docket entry no. 212. He has been on supervised release for six years.

6. His experience in the federal prison system changed him profoundly and has set him on the stable path that he is on today. The Court is often called upon to impose serious consequences for defendants who violate supervised release. Mr. Darling has completed every condition asked of him and has gone far beyond the requirements of his supervision. He has fully reintegrated into society and is a valued worker, family member, and citizen. He has achieved stable community reintegration in terms of housing, family, and employment. He is in full compliance with all terms of supervision. He had no aggravated role in the offense, no violence in this offense, and is not using controlled substances. He has no psychiatric issues. He enjoys the support of his community. He is an ideal candidate for early termination of supervised release based on every factor the Court must consider.

The parties stipulate that given Mr. Darling's commendable reentry into the community and performance on supervised release, this Court should order that his term of supervision be terminated under 18 U.S.C. § 3583(e).

Dated: July 28, 2026

Respectfully submitted,

ERIC GRANT
United States Attorney

*s/ Jason Hitt*
JASON HITT
Assistant U.S. Attorney

HEATHER E. WILLIAMS
Federal Defender

Dated: July 28, 2026

*s/ Ann C. McClintock*
ANN C. McCLINTOCK
Assistant Federal Defender
Attorneys for Defendant
KERRY DEAN DARLING

**ORDER**

For the reasons stated in the parties' stipulation, the Court **GRANTS** the request and **TERMINATES** defendant's term of supervised release pursuant to 18 U.S.C. § 3583(e)(1).

**IT IS SO ORDERED**.

Dated: July 29, 2026

JOHN A. MENDEZ,
SENIOR UNITED STATES DISTRICT JUDGE